Bartlett, J.
If this judgment is sustained, it must be upon some other theory than that adopted by the trial judge.
The action was brought to compel the defendant to assign to the plaintiff certain letters patent of the United States for an improvement in sewing machines.
From January to Hay, 1882, the defendant was employed by the Wilkinson Manufacturing Company, afterwards known as the Hew York Sewing Machine Company, a corporation of which the plaintiff was president, to aid, among other things, in perfecting a certain sewing machine made by the company and known as the Hew York sewing machine.
The defendant then withdrew from the employment of the corporation and joined with it, and the plaintiff, in the execution of a written instrument, whereby he assigned certain letters patent to the plaintiff, and whereby the company and the plaintiff released him from his obligations under his contract of employment.
According to the plaintiff, the defendant, at the time of such withdrawal, agreed to assign to him absolutely all inventions which he had made, or to which he had any claim, and which had been used by the Wilkinson Manufacturing Company in the construction of the Hew York sewing machine.
The patent in controversy covered an invention which had thus been used, but it was not included in the assignment which the defendant executed to the plaintiff in supposed compliance with whatever agreement was actually made between them.
The defendant, on the other hand, contends that he agreed to assign not all his inventions which had been used in the construction of the Hew York sewing machine, but only such inventions as he had actually made while he was in the employ of the corporation; and he claims to have invented the particular improvement which is the subject of the patent in question at an earlier period.
_ The trial court, however, found that it was the intention of both parties to include this patent in the assignment, and that the omission to mention it therein was due to the mutual mistake of the parties.
We can discover no evidence in the case to support the findings to this effect so far as they relate to the defendant. There is absolutely nothing to indicate that he intended to convey this particular patent to the plaintiff, or supposed that it was included in the transfer.
The cause of action stated in the complaint, however, was based, not upon any allegation of mutual mistake, but upon the alleged fraud of the defendant in falsely repre *438 senting to the plaintiff that the instrument of assignment did include all of his inventions which had been used in the construction of the New York sewing machine; and the learned judge who tried the cause has found that the defendant, at the time said instrument was executed, stated and represented to the plaintiff that the inventions and .improvements specified in it, and by it conveyed to the plaintiff, were all the inventions and improvements used in that particular sewing machine to which he had any claim; and, furthermore, that the plaintiff, in executing the instrument on his part, relied upon these statements and representations of the defendant.
In the case of McMichael v. Kilmer (76 N. Y., 36), there is a .strong intimation that where the complaint is for fraud, the action cannot be maintained on the ground of mutual mistake. But if we disregard the findings which hold that a mutual mistake was committed herein, and look alone at those relating to false representations inducing the contract, it would seem that these afford a sufficient basis for the judgment, inasmuch as the record discloses some evidence to sustain them.
It is true that there is no express finding of a fraudulent intent on the part of the defendant, but this is not essential in equity, where the right to relief arises out of the suppression or misrepresentation of a material fact. Hammond v. Pennock, 61 N. Y., 145.
If the inducement to the plaintiff to release the defendant from his obligations, to him was a belief that the patent in dispute was mentioned in the assignment, and he relied upon a statement to this effect, which is found to be untrue, it is immaterial under the authorities whether the intent on the part of the person who made the misrepresentation was fraudulent or not. Rosevelt v. Fulton, 2 Cow., 129.
Where a party makes a representation of this kind, knowing it to be false, it constitutes positive fraud. “But,” in the language of the supreme court of the United States, “if he does not know it, then it can only be from gross negligence, and in the contemplation of a court of equity representations founded on mistakes resulting from such negligence, is fraud.” Smith v. Richards, 13 Peters, 26.
, Inasmuch as the contention in behalf of the defendant in the case at bar is that he never intended to include this patent in the assignment, it is plain that if he represented that it was included, he must have known such representation to be false.
We cannot pass upon the claim that any particular finding is against the weight of evidence, inasmuch as the case does not show that all the evidence bearing on the findings *439 of fact sought to be reviewed is set forth therein. Spence v. Chambers, 39 Hun, 193.
The judgment should be affirmed, with costs.
Van Brunt, Oh. J., and Brady, J., concur.